IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| STUART E. RAGAN, | ) | CIVIL NO.  10-00187 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER (1) GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANT JP MORGAN CHASE |
| | ) | BANK, N.A.'S MOTION FOR |
| FINANCE AMERICA, LLC; JP | ) | SUMMARY JUDGMENT; AND |
| MORGAN CHASE BANK, N.A., | ) | (2) DENYING PLAINTIFF STUART |
| JOHN DOES 1-10, JANE DOES 1-10, | ) | E. RAGAN'S MOTION FOR |
| DOE PARTNERSHIPS 1-10, DOE | ) | SUMMARY JUDGMENT |
| CORPORATIONS 1-10, AND DOE | ) | |
| ENTITIES 1-10 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT
JP MORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY
JUDGMENT; AND (2) DENYING PLAINTIFF STUART E. RAGAN'S
MOTION FOR SUMMARY JUDGMENT**

## I.  INTRODUCTION

Plaintiff Stuart E. Ragan's ("Plaintiff") First Amended Complaint

("FAC") asserts claims against Defendants Finance America, LLC ("Finance

America") and JPMorgan Chase Bank, N.A. ("Chase") (collectively "Defendants")

for alleged violations of the Real Estate Settlement Procedures Act of 1974

("RESPA"), 12 U.S.C. § 2601, *et seq*. and state law claims stemming from (1) his

initial mortgage agreement with Finance America on real property located at 2709

Puu Hoolai Street, Kihei, Hawaii 96753 (the "subject property"), (2) the alleged

transfer of his mortgage and/or its servicing from Finance America to Chase, and

(3) Chase's alleged over-charges of insurance premiums on the subject property.

Currently before the court are (1) Chase's Motion for Summary

Judgment on First Amended Complaint ("Chase's Motion"); and (2) Plaintiff's

Motion for Summary Judgment ("Plaintiff's Motion").  Based on the following, the

court GRANTS in part and DENIES in part Chase's Motion for Summary

Judgment and DENIES Plaintiff's Motion for Summary Judgment.

## II. BACKGROUND

### A.   Factual Background

On March 1, 2004, Plaintiff jointly purchased the subject property

with Richard Michael Anholt ("Anholt") through a mortgage agreement with

Finance America, LLC as lender.  Chase Ex. A, Request for Admissions Nos. 1-4;

Chase Ex. C.  Anholt subsequently conveyed his interest in the subject property to

Plaintiff.  *Id.* at No. 10.  Despite the fact that Anholt had signed the mortgage and

promissory note jointly with Plaintiff, Plaintiff did not give notice to either Finance

America or any servicer of the mortgage that this transfer had occurred.  *Id.* at Nos.

7-8, 11-12.

On June 3, 2004, Chase, through its servicing arm, Chase Home

2

Finance LLC, became the servicer of the mortgage.  Declaration of Thomas E.

Reardon ("Reardon Decl.") ¶¶ 3-4.  Plaintiff asserts that he was "never provided

any notice when the mortgage was sold from one company to another."  Doc. No.

47, Ragan Decl. ¶ 9.

      The mortgage allows Chase to purchase insurance if the borrowers

(Plaintiff and/or Anholt) do not provide proof of the required insurance coverage.

Reardon Decl. ¶ 6; Chase Ex. C ¶ 5.  Specifically, the mortgage provides:

> If Borrower fails to maintain any of the [required
> insurance coverage], Lender may obtain insurance
> coverage, at Lender's option and Borrower's expense.
> . . .  Borrower acknowledges that the cost of the
> insurance coverage so obtained might significantly
> exceed the cost of insurance that Borrower could have
> obtained.

Chase Ex. C ¶ 5.

      Chase purchased insurance for the subject property on two different

occasions.  In 2005, Chase notified Anholt that he had failed to provide proof of

insurance, resulting in Chase taking out an insurance policy on the subject property

with an annual premium of $3,264.  Chase Ex. D.  Proof of insurance was

subsequently provided and Chase canceled its insurance coverage on May 11,

2006.  Chase Ex. E.  On August 15, 2009, Chase again gave notice to Plaintiff and

Anholt of their failure to provide proof of insurance coverage, resulting in Chase

3

taking out a policy on the subject property with an annual premium of $3,842.

Chase Ex. F.

      While not clear if Plaintiff is referring to one of these instances where Chase purchased insurance on the subject property, Plaintiff asserts that in 2007 Chase notified him that it had set up an escrow account through Lloyds of London for insurance and was going to charge Plaintiff $6,000 per year.  Chase Ex. B, Interrogatory No. 1.  Because Plaintiff's annual insurance premium for the previous year was $440, Plaintiff asked if he could show full payment for the upcoming year so that Chase could simply prorate the Lloyds of London premium. *Id.*  Chase rejected this request, and in 2008 again allegedly set up this escrow account, preempting Plaintiff from purchasing insurance.  *Id.*  Plaintiff further asserts that he requested, but did not receive, statements concerning the insurance premiums charged by Chase, and that he never received any detailed billing reflecting payments or escrow for insurance.  Doc. No. 47, Ragan Decl. ¶¶ 3, 5.

**B.**    **Procedural Background**

      Plaintiff filed a Complaint against Chase on March 30, 2010, and a FAC against Chase and Finance America on August 31, 2010.  Count I of the FAC alleges that Finance America violated RESPA because it never provided Plaintiff a copy of the mortgage agreement or notification of changes and transfers of the note

on the subject property.  FAC ¶ 11.  Count II alleges that Chase violated RESPA
because it never provided Plaintiff "notifications of changes and transfers of said
note on the above referenced property."  FAC ¶ 14.   Count II further alleges that
Chase "would preempt my right to buy insurance on [the subject property] by
setting up an escrow account and charged me over six thousand dollars ($6,000.00)
a year for insurance."  FAC ¶ 15.  Plaintiff seeks rescission of the mortgage
agreement, damages, and attorneys fees and costs.

On September 20, 2010 Chase filed its Motion for Summary
Judgment.  On September 22, 2010, Plaintiff filed his Motion for Summary
Judgment against both Defendants.  The parties filed Oppositions on November 8,
2010, and Replies on November 15, 2010.  Also on November 15, 2010, Plaintiff
filed "Amendments" to his Motion and Opposition to include a Concise Statement
of Facts.  A hearing was held on November 29, 2010.

### III.  <u>STANDARD OF REVIEW</u>

Summary judgment is proper where there is no genuine issue of
material fact and the moving party is entitled to judgment as a matter of law.  Fed.
R. Civ. P. 56(c).  Rule 56(c) mandates summary judgment "against a party who
fails to make a showing sufficient to establish the existence of an element essential
to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56(c) its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a *genuine issue for trial*." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at

248).  When considering the evidence on a motion for summary judgment, the

court must draw all reasonable inferences on behalf of the nonmoving party.

*Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille*

*Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence

of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn

in his favor." (citations omitted)).

## IV.  DISCUSSION

### A.    Chase's Motion for Summary Judgment

Chase argues that summary judgment should be granted on

(1) Plaintiff's RESPA claim because it is barred by the statute of limitations, and

(2) on Plaintiff's remaining state law allegations because they are not supported by

undisputed facts and the court should otherwise decline jurisdiction over them.[1]

The court addresses Plaintiff's claims in turn.

///

///

///

---

[1]  Chase further argues that summary judgment should be granted as to Finance America for the same reasons summary judgment should be granted as to Chase.  *See* Chase Mot. 1 n.1. The court will not grant summary judgment as to Finance America at this time, but does issue contemporaneously with this Order an Order to Show Cause why Finance America should not be dismissed from this action.

7

### 1.    *RESPA Claim*

Chase argues, among other things,[2] that Plaintiff's RESPA claim against Chase fails because it is untimely.

Plaintiff's RESPA claim is based on the allegation that Chase "never provided me with notification of changes and transfers of said note" on the subject property.  FAC ¶ 14.  As an initial matter, Chase was not transferred the mortgage note, but rather became the servicer of the mortgage on June 3, 2004; Chase has continually been the servicer since June 3, 2004; and Chase sent correspondence, identifying itself as "Chase" and "Chase Home Finance, LLC," in 2005 and 2006 *See* Reardon Decl. ¶¶ 3-4, 7.  Given that Chase is only the servicer of the mortgage loan, the court construes this allegation to assert a violation of 12 U.S.C. § 2605(b)(1), which provides that "[e]ach servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person."  Further, at the hearing Plaintiff agreed that he was asserting a violation of § 2605(b)(1).

The statute of limitations for violations of § 2605 is three years "from the date of the occurrence of the violation."  Because Chase became the servicer of

---

[2] Because the court finds that Plaintiff's RESPA claim against Chase is time-barred, the court need not address Chase's additional arguments for summary judgment on this claim.

the mortgage loan on June 3, 2004, Plaintiff's RESPA claim against Chase is time-barred.

In opposition, Plaintiff does not assert any basis for why his RESPA claim is timely -- Plaintiff does not assert that equitable tolling applies or that Chase violated RESPA within three years of the filing of his Complaint.  Instead, Plaintiff argues that summary judgment should not be granted because he has not yet received discovery from Chase.  To the extent Plaintiff is seeking a continuance on Chase's Motion for Summary Judgment pursuant to Rule 56(f), Plaintiff has not carried his burden.

Pursuant to Rule 56(f), the court may order a continuance, among other alternatives, "if a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." To prevail under this Rule, a party opposing a motion for summary judgment must make "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." *Blough v. Holland Realty Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) ( internal citations omitted); *see also Tatum v. City & County of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56(f) must identify by affidavit the specific facts that further discovery would

reveal, and explain why those facts would preclude summary judgment."); *Garrett v. City & County of S.F.*, 818 F.2d 1515, 1518 (9th Cir. 1987) ("Under Rule 56(f), an opposing party must make clear what information is sought and how it would preclude summary judgment.").  "Failure to comply with the requirements of Rule 56(f) is a proper ground for denying discovery and proceeding to summary judgment." *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 989 (9th Cir. 1999) (finding that failing to file the required Rule 56(f) affidavit detailing with particularity the information sought was fatal to request for further discovery); *see also Tatum*, 441 F.3d at 1100 (finding that an attorney declaration was insufficient to support a Rule 56(f) continuance where declaration failed to specify specific facts to be discovered or explain how a continuance would allow the party to produce evidence precluding summary judgment).

Plaintiff has requested discovery from Chase including all documentation relating to transfers of the loan to Chase, the transactions relating to Plaintiff's loan, and the delivery of the mortgage to Plaintiff, and the identity of any Chase employees or agents who were aware of the failure to disclose the transfer to Plaintiff and/or participated in the transactions "forming the basis of the Plaintiff's claims."  Doc. No. 47, Pl.'s Concise Statement of Facts ¶¶ 3-8.  While

Plaintiff has requested information from Chase arguably related to Plaintiff's RESPA claim, Plaintiff has failed to explain what evidence he believes this discovery would reveal or particularly how that evidence would make his RESPA claim timely.  For example, Plaintiff does not assert any basis for believing that the information sought will establish that Chase, within the last three years, either became the servicer of the mortgage, transferred its servicing obligations on the mortgage to another company, or was transferred an interest in the mortgage note itself.  Accordingly, Plaintiff has failed to demonstrate that "there is some basis to believe that relevant information actually exists" that would make his RESPA claim timely.[3]

The court therefore DENIES Plaintiff's Rule 56(f) request, and GRANTS Chase's Motion for summary judgment on Plaintiff's RESPA claim.

## 2. *State Law Claim*

Chase argues that summary judgment should be granted on Plaintiff's

---

[3] While Plaintiff is appearing pro se, Plaintiff has been an active member of the Hawaii State Bar Association (license number 6571) since 1995, and is representing other litigants in this district in five separate foreclosure-related lawsuits. *See Hahn v. BAC Home Loans Servicing, LP*, No. 10-cv-00338-ACK-LEK; *Orquia v. BAC Home Loans Servicing, LP*, No. 10-cv-0492-JMS-BMK; *Whitehead v. Bank of Am. Corp.*, No. 10-cv-00615-DAE-BMK; *Honold v. Deutsche Bank Nat'l Trust Co.*, No. 10-cv-00625 JMS-BMK; *Doronio v. Onewest Bank FSB*, 10-cv-00698-JMS-LEK.  The court therefore does not construe Plaintiff's filings liberally and/or afford him the benefit of the doubt, as it would to an ordinary pro se plaintiff.  *See Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

state law claim directed to Chase's purchase of insurance for the subject property because the mortgage provides that Chase could purchase insurance if Plaintiff failed to obtain insurance coverage, and in any event the court should decline jurisdiction over this state law claim.  The court rejects these arguments.

As to Chase's first argument, Plaintiff does not simply assert that Chase purchased insurance for the subject property after Plaintiff failed to maintain insurance.  Rather, Plaintiff asserts that Chase bought year-long insurance policies and refused to revoke and/or prorate them even after Plaintiff requested to make full insurance payments for the year through his own insurer.  *See* Chase Ex. B, Interrogatory No. 1.  While the mortgage allows Chase to purchase insurance where the borrower fails to maintain coverage, *see* Chase Ex. C ¶ 5, the parties have not briefed whether the mortgage allows Chase to purchase insurance on a year-by-year basis, thereby preventing the borrower from obtaining his own insurance for that duration.

As to Chase's argument on jurisdiction, Chase argues that the amount in controversy for this claim is less than $75,000 such that the court should decline jurisdiction over it pursuant to 28 U.S.C. § 1367.  Chase ignores, however, that while the court's reasoning to grant summary judgment as to Plaintiff's RESPA claim against Chase may apply to the RESPA claim against Finance America as

12

well, Chase's Motion for Summary Judgment is only as to Chase and Finance

America has not been served in this action, much less sought to dismiss the claim

alleged against it.[4]  Regardless of what claims remain against Chase, the RESPA

claim against Finance America provides this court jurisdiction.  The court therefore

DENIES Chase's Motion for Summary Judgment as to Plaintiff's state law claim.

## B.    Plaintiff's Motion for Summary Judgment

In wholly summary fashion, Plaintiff argues that summary judgment

should be granted against both Defendants.  Plaintiff fails to provide any facts

explaining why this is so, and instead asserts in his Affidavit that he believes "that

a good faith basis exists for it being granted in favor of Plaintiff based upon the

records and files of this case."  Doc. No. 37, Pl.'s Aff. ¶ 5.

It should go without saying that Plaintiff's Motion is wholly deficient,

but the court nonetheless lists just a few of the reasons why:  First, and most

---

[4] It also appears that Chase has not addressed the full inquiry as to the amount in controversy.  To justify dismissal for failing to meet the amount in controversy for diversity jurisdiction, the court must examine whether Plaintiff's claim for damages is made in good faith and "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  In determining the jurisdictional amount in controversy, both compensatory and punitive damages must be considered "to the extent they are recoverable and to the extent claimed."  *Russell v. Access Securepak, Inc.*, 2007 WL 4170756, at *1 (E.D. Cal. Nov. 20, 2007).  While Chase has addressed the compensatory damages requested by Plaintiff, Chase has not addressed punitive damages.  The court expresses no opinion at this time whether it appears to a legal certainty that Plaintiff's state law claim against Chase is really for less than $75,000.

importantly, Plaintiff has failed to present any facts and/or law whatsoever that establish the lack of a genuine issue of material fact supporting his claims. *See Soremekun*, 509 F.3d at 984 (explaining summary judgment burden).  Second, Plaintiff has not even served the FAC on Finance America and cannot seek summary judgment on an unserved defendant. *Portland Retail Druggists Ass'n v. Kaiser Found. Health Plan*, 662 F.2d 641, 645 (9th Cir. 1981) ("Before summary judgment may be entered against a party, that party must be afforded both notice that the motion is pending and an adequate opportunity to respond.").  Third, Plaintiff failed to comply with this court's Local Rules requiring that Plaintiff accompany his Motion with "a supporting memorandum and a separate concise statement detailing each material fact as to which the moving party contends that there are not genuine issues to be tried . . . ."  Local Rule 56.1.  While Plaintiff filed a concise statement with his Reply, this concise statement was not timely filed and fails to provide any facts suggesting that summary judgment should be granted in his favor.

These problems with Plaintiff's Motion cannot be chalked up to the missteps of a pro se litigant unaware of the litigation process -- Plaintiff has been an active member of the Hawaii State Bar Association (license number 6571) since 1995, and is representing other litigants in this district in five separate foreclosure-

related lawsuits.  *See Hahn v. BAC Home Loans Servicing, LP*, No.

10-cv-00338-ACK-LEK; *Orquia v. BAC Home Loans Servicing, LP*, No.

10-cv-0492-JMS-BMK; *Whitehead v. Bank of Am. Corp.*, No. 10-cv-00615-DAE-

BMK; *Honold v. Deutsche Bank Nat'l Trust Co.*, No. 10-cv-00625 BMK; *Doronio

v. Onewest Bank FSB*, 10-cv-00698-JMS-LEK.  Further, even a party untrained in

the law would know that this Motion is spurious and a waste of the court's and the

parties' time.  The court therefore DENIES Plaintiff's Motion for Summary

Judgment.

## V.  <u>CONCLUSION</u>

Based upon the above, the court GRANTS in part and DENIES in part

Chase's Motion for Summary Judgment, and DENIES Plaintiff's Motion for

Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 30, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge


*Stuart E. Ragan v. Finance America, LLC et al.*, Civil No. 10-00187 JMS-BMK, Order
(1) Granting in Part and Denying in Part Defendant JP Morgan Chase Bank, N.A.'s Motion for
Summary Judgment; and (2) Denying Plaintiff Stuart E. Ragan's Motion for Summary Judgment